Scott, C. J.
The plaintiffs in error claim that under section 17 of the act regulating assignments (S. & C. 713), the deed from Schlenker to his wife having been made with *the intent to hinder, delay, and defraud his creditors, inured to the equal benefit of all his creditors pro rata, and that none of them did or could acquire priority by judgment and levy on said premises after the exe *452 eution of the deed. They further claim that after the deed had been declared by the court to have been made with the intent aforesaid, it was competent for the probate judge, upon the application of a creditor, to appoint an assignee to take charge of the property , and administer it for the benefit of creditors, and that the assignee so appointed is entitled to the moneys remaining in the hands of the master.
The section of the statute referred to, reads as follows: “All transfers, conveyances, or assignments, made with the intent to hinder, delay, or defraud creditors, shall inure to the equal benefit of all creditors in proportion to the amounts of their respective claims; and the probate judge, after such transfer, conveyance, or assignment shall have been declared by a court of competent jurisdiction to have been made with the intent aforesaid, on the application of any creditor, shall appoint an assignee according to the provisions of this act, who, upon being duly qualified, shall proceed by due course of law to recover possession of all property so transferred, conveyed, or assigned, and to administer'the same as in other cases of assignments to trustees for the benefit of creditors.”
Are the provisions of this section applicable to the present case ? If they are, the court below erred; but if they are not, there was no error in the judgment of the court.
The conveyance which Schlenker attempted to execute directly to his wife, was, in law, an utter nullity. The legal title remained in him as fully after its execution as before. The relation of the parties inter se rendered them incompetent to convey the legal title to real estate directly from the one to the other. Such a conveyance from the husband to the wife, if founded upon a sufficient consideration, might be upheld in equity. But in this case the deed has been found by the court below to be without consideration. Even as between the parties then, and without reference to creditors, this instrument, purporting to be a conveyance, was simply void both at law and in equity. It gave the assignee or grantee *no rights which she could assert in any forum against the assignor or grantor. It did not, in fact, transfer, convey, or assign anything, and is therefore not within the operation of the section which we have quoted. The statute was intended to give a particular operation and effect to actual conveyances and assignments, which may be valid as between the parties, but are in fraud of the rights of creditors. But we suppose it was not intended to give to *453 an absolute nullity the effect of a transfer, conveyance, or assignment. As in this case, the title both legal and equitable remained in the debtor, notwithstanding the unexecuted intention to convey his land's to his wife, his judgment creditors might well levy their executions thereon, and the priorities of lien thus acquired can not be defeated by the general creditors,.who claim through an alleged conveyance, which, for want of competent parties, never became operative.

Judgment affirmed.

Day, White, Welch, and Brinkerhoee, JJ., concurred.